May it please the Court, Counsel. Appearing for the appellant, Minnesota Living Assistance, Inc., DBA, Baywood Home Care, Bruce Douglas, Stephanie Willing, also my colleague Andrew Tannick back there, the law firm Ogletree Deacons. And if I may, Your Honors, just introduce you to a gentleman by the name of Augustin Martinez who is our law clerk this summer. He's a student at Wake Forest. We're happy to have him. And he's here to observe today's argument. The Supreme Court has held repeatedly that once a federal court acquires jurisdiction of over a case, its duty to decide the case is virtually unflagging. In this case, the district court erred as a matter of law by dismissing the case based on its reading of the Supreme Court's decision in Younger v. Harris and Middlesex. In doing so, it failed to give due credit, however, to the Supreme Court's more recent case in Sprint Communications v. Jacobs and the prior case of New Orleans Public Service Incorporated v. the Council of the City of New Orleans, which we'll refer to as NOPSI. The district court failed to properly analyze the nature of the state proceeding, which is not judicial in character for purposes of Younger abstention. This case presents none of the exclusive exceptional circumstances required by Younger, NOPSI, and Sprint for abstention. Those circumstances are, number one, the existence of a parallel state criminal proceeding, or two, certain civil enforcement proceedings brought by the state to sanction the federal plaintiff, or three, a state civil proceeding uniquely in furtherance of the state court's ability to perform their judicial functions. Contrary to the district court's ruling, none of those circumstances exist, and indeed, this case is very much like the circumstances in Sprint and NOPSI. Baywood seeks to have a declaration that the Federal Fair Labor Standards Act supersedes or preempts the Minnesota Fair Labor Standards Act as to certain employees of Baywood during the period 2012 to 2014. Those individuals were employed as companions. They enjoyed a complete exemption under the Fair Labor Standards Act from the minimum The difficulty here for the state that we seek declaration on is that the Minnesota Fair Labor Standards Act fails to meet the criteria of the savings clause of the Fair Labor Standards Act, section 218A, which says that a state law can also apply if its minimum wage or maximum hours provisions are better than the federal statute. Minnesota stands alone in the states as having at that time both a minimum wage that was lower than the federal minimum wage and a maximum work week that was higher than the federal maximum work week of 40 hours. We believe the district court proceeded on a flawed analysis when it first declared that the proceeding below, a state administrative agency proceeding, was the type of judicial proceeding that could not, from which the federal courts must abstain, and then proceeded to analyze the case under the Middlesex factors without giving due regard to the Supreme Court's admonitions and instructions in NOPC and in SPRINT. Counsel, when we analyze these issues, are we doing so under an abuse of discretion standard or de novo? Thank you, Your Honor, for that question. The Eighth Circuit cases appear to state the formulation as one of abuse of discretion. However, and as we've discussed in our, in the blue brief, and I think maybe in the gray brief as well, we do have the case of Plouffe v. Ligon, which I believe Judge Grunder was the author of, and there was a ‑‑ I think it was Judge Colliton. Judge Colliton, yes. Well, yes. Thank you. No. Actually, Your Honor. Was it? You are the author of that opinion. It was Judge Colliton who had the concurrence. Oh, right. His concurrence talked about the issue you're talking about. And I think that at the end of the day, it won't matter much whether it is abuse of discretion or de novo. Which I think was Judge Colliton's point at the end, which is that the reality is that the courts have said, the Eighth Circuit court opinions and other courts have said it's an a detailed review of the district court's analysis and reasoning. To that point, it is clear under our precedence in the circuit that when the district court commits an error of law, that is an abuse of discretion. And that is our point in this case, is that the district judge erred and went astray from the newer analysis required by Sprint in relying on the Middlesex factors and not first analyzing carefully whether any one of the exceptional circumstances in Younger existed. Let me ask you. You're familiar with the First Circuit Serva case? I don't believe I am, Your Honor. Let me check. Oh, Serva, yes. We did cite the case in our brief. Serva v. Ritchie. Yes. That applied to a lot of the Supreme Court cases that you're talking about now. Yes. And does a pretty thorough analysis and affirms a Younger abstention situation, right? Yes, but it does adopt a de novo standard. Okay, let's skip that. So is Serva distinguishable or is Serva wrong? I'm not intimately familiar with the facts or the circumstances of Serva. We cited it for a different proposition, so I'm afraid I can't really answer that question for you, Judge. What I can say is that it's important when looking at all of these cases, first of all, to ensure that when we're talking about courts that ruled for abstention, that they were talking about the same abstention doctrine. It seems to me upon a review of the cases, and particularly the Eighth Circuit cases, that sometimes the abstention doctrines get a little bit muddled or combined. Some of our cases that refer to the abuse of discretion abstention are talking about a different abstention doctrine. There's about six or seven of them. So I think we need to be clear. But I think what's important is that that changed after Sprint. And I think it would be inconsistent with the Supreme Court's decision in Sprint to continue to say that it's an abuse of discretion. The language of the opinion strongly suggests that the court is marking a different path and instructing the courts to abstain only in the exceptional circumstances set out in Younger. In your brief, you concede that there are potentially criminal penalties associated with this, correct? No, not in this case, Your Honor. Under the Minnesota statute, potentially, yes. That's my question. Yes. But there never was. This was not a criminal proceeding. And in this case, there was a liquidated damage that was equal to the- Yes. A significant number. It was equal to the wages, the unpaid wages, right? Yes. So why doesn't that sort of look like a fine and having the potential, I understand it wasn't done, but the potential for criminal charges. Why doesn't that make it akin to a criminal state charge? The reason for that, excuse me. Thank you, Your Honor. The reason for that would be twofold. Number one, because the only civil proceeding case, excuse me, where the Supreme Court found the civil proceeding to be akin to a criminal proceeding was the religious school case out of, I believe, Ohio. In that particular situation, the only penalty at the time was a criminal penalty. We discussed that in our brief. But there's a more fundamental reason why none of that really matters. And that is that in NOPC, the Supreme, excuse me, in Sprint, the Supreme Court was quite clear that it had never and was not extending younger abstention to either legislative or civil administrative proceedings. It makes no difference, in my view, what the state might have sought, what the state actually sought. This was an estate civil administrative agency proceeding. It simply is not entitled to younger abstention. The Supreme Court said in NOPC, in fact, at page 368, it has never been suggested that younger requires abstention and deference to a state judicial proceeding reviewing legislative or executive action. And in Moore v. Sims, we do not remotely suggest that every pending proceeding between a state and federal plaintiff justifies abstention. And there's been a long debate, I think, in the cases about extending younger to administrative agency proceedings. Well, to the extent you're familiar with it, in Serva, the First Circuit held the Massachusetts Discrimination Statute to be akin to a criminal proceeding. And discussed Sprint at some length. Okay, I would- Why isn't that similar to what we have here? The, first of all, the Massachusetts Law Against Discrimination does, I believe, carry with it some criminal penalties. They're seldom used. As does this. As does this. So I would have to say that the First Circuit got it wrong in doing that. Because, again, what the Supreme Court is saying, I think, in younger, NOPC, and in Sprint, is that the proceeding below that we're talking about, the so-called parallel proceeding. And in this case, they're not even parallel, because there's a different issue. This case doesn't involve any issue of the state law, other than whether or not it's preempted. This is purely a federal question that's not raised in the state. But also, the Supreme Court was quite clear that we do not extend younger abstention to administrative agency proceedings. On that basis, unless there are further questions, I will preserve my time and stop at this point. Very well, thank you. Thank you, Your Honor. May it please the court, counsel. My name is Jonathan Moeller, Assistant Attorney General for the state of Minnesota. And I represent the Minnesota Department of Labor and Industry in this case. The department asks that you affirm Judge Doty's decision. Judge Doty correctly applied the younger doctrine to this case and exercising jurisdiction because the Department of Labor has an ongoing civil enforcement proceeding in state court. It was a simple, routine decision. I first want to touch on the nature of the proceeding. And first, Baywood waived this argument by not raising it at the district court level. And I believe this is where the abuse of discretion standard might come in, because Judge Doty on page three of his decision noted that it was undisputed that the proceeding in state court was judicial in nature. Second, Baywood's argument that the contested case isn't judicial in nature seems founded on a lack of understanding of administrative law in Minnesota. And even this court has declared contested cases in Minnesota judicial in nature for the purposes of younger. In Fuller v. Uland, this court found that a contested case initiated by the Commissioner of Commerce was clearly judicial in nature. The parties argued at the Minnesota Court of Appeals exactly a week ago, actually. And at no point did Baywood challenge the commissioner's authority to decide a contested case based on a lack of authority to make the final decision. Baywood also didn't bring up its preemption argument. And further, just with regard to the actual nature, the Nopsey Court found that younger abstention was not appropriate in that case because the case wasn't judicial in nature. And it wasn't judicial in nature because it was a forward looking case. It was a rate making case. Whereas here, and Nopsey said, what's properly judicial in nature is an administrative proceeding that investigates, declares, and enforces liabilities as they stand on present or past facts. And that's exactly the case here. The department conducted an investigation, looked at Baywood's payment practices, and said, you didn't pay overtime wages required under Minnesota law. Getting to an issue that actually was argued at the district court, the department's state case was undoubtedly a civil enforcement proceeding. The Supreme Court in Sprint took a detailed look at what a civil enforcement proceeding is. And in that case, it noted repeatedly that the problem was that the state court case wasn't initiated by the state in its sovereign capacity. The state court case had actually been initiated by Sprint itself. And teased out a few principles underlying a civil enforcement proceeding. It must be initiated by the state in its sovereign capacity to sanction the federal plaintiff after an investigation, which resulted in a formal complaint or charges sanctioning the federal plaintiff for a wrongful act. And all of those are present here. The department initiated a contested case following an investigation that revealed Baywood hadn't paid his employees overtime wages. And it assessed back wages, liquidated damages, and ordered Baywood to cease and desist from its illegal practices. So Baywood argues, though, that there is a private right of action as well. Correct. Does that matter? No, and no case has pointed to that as being at all consequential. We actually also cited the serve of the Ritchie case. It was a Massachusetts case. There was also a Verizon v. Rhode Island case. Both of which involved an administrative proceeding where younger abstention was appropriate. And in both of those cases, the state law had a private right of action. The prevailing wage law in the Rhode Island case and the non-discrimination law in the Massachusetts case. So- Do you know whether there was a cert petition in either of those cases? I don't know offhand, your honor. With regard to preemption, the NOPC court basically declined to address preemption in that case. It declined to do so because it said, even a substantial to overlook the younger doctrine. And that is possibly tied to the abuse of discretion standard for declaratory judgment cases. It's not reviewed de novo. It's reviewed for abuse of discretion. And NOPC said the- It's a legal question, and a mistake of law is always an abuse of discretion, right? A mistake of law is abuse of discretion, but NOPC didn't even say that an allegation of preemption would be substantial. It said a facially conclusive preemption claim. And that's been, they didn't elaborate on that in NOPC because the court said it's clearly not applicable here. What discretion does the district court have? The district court has discretion to stay the case or to dismiss it without prejudice. So that the federal plaintiff can have the issue heard in the already ongoing state court proceeding. So that's why one of the prongs of Middlesex is that there's an opportunity for the constitutional challenge to be, or the federal issue to be heard. Let me ask you this. We affirmed a younger abstention in Sprint, and the Supreme Court roundly reversed us. So why is this case different than Sprint? This case is different than Sprint because the Sprint case, as I mentioned before, wasn't initiated by the state. It wasn't akin to a criminal prosecution because it wasn't initiated by the state. The Supreme Court, I think, stressed that at least ten different times. They said Sprint brought this case against a third party about a dispute in telephone rates. And only at that point did the New Orleans, or not New Orleans, did the, I think it was Iowa, board get involved. Here, the state did bring the case in its sovereign capacity against Baywood. So that whole issue in Sprint isn't applicable here. If anything, Sprint accentuates why this is a traditional and appropriate exercise of younger abstention. And does this case different than Sprint in the fact that the state is seeking a cease and desist order as well? It is, I'm not, I can't pretend to be able to recite every factual intricacy of the Sprint case, but yes, here the state is seeking a cease and desist order. And liquidated damages. Liquidated damages, back wages. There's a possibility of criminal misdemeanor liability. So it's very different from Sprint in that way. Getting back to the facial preemption issue, we've talked about that. Other courts have had an opportunity to figure out what facial preemption might look like. And there's been a consensus that facial preemption might be conclusive where the Supreme Court has already said, yes, preemption exists here. But that's not the case. No circuit has held that the FLSA preempts state regulation of wage and hour law. It simply isn't something that's happened. Getting to the preemption issue, the court doesn't need to reach it because abstention was appropriate. But even if this court were to reach Baywood's preemption arguments, they fail. It wasn't clear whether Baywood's arguing express or conflict preemption. There's a consensus among the circuits that express preemption doesn't exist. The third, second, ninth, and tenth circuits have all said, in varying language, that there's no express preemption. By the FLSA. By the FLSA of state wage and hour law. And there's also no conflict preemption. Baywood could easily have complied with both the FLSA and the Minnesota Act. There's no prohibition on paying overtime to employees. They could have paid overtime and they wouldn't be in violation of the federal act. And the savings clause also says that no provision of this chapter shall excuse non-compliance with a state law, which establishes a lower maximum work week than that established under this chapter. And significantly, it doesn't give a specific number. It doesn't say it has to be lower than 40 hours. It says it just must be more generous than this chapter. And it's talking about the entire chapter. It encompasses the exemptions. And it's, there is no maximum work week under the FLSA for these types of employees. So, Minnesota's 48 hour maximum work week is undisputably lower. If you have no more questions for me, I would thank you and ask this court to affirm Judge Dottie's decision. Hearing none, very well. Thank you. Mr. Douglas, rebuttal. Thank you, your honor. Let me begin by first of all hitting head on the issue of waiver. There's been no waiver of the argument that the state civil administrative proceeding was not the type of proceeding envisioned by Younger for extension. That's precisely the argument we made in the district court. It was incumbent upon Judge Dottie to analyze the case to determine whether it was the type of judicial proceeding that qualifies for Younger. Did you make the argument that it wasn't a judicial type proceeding? We did not make the argument, I believe, to Judge Dottie. And haven't you waived that argument if you didn't make that argument to the district court? No, we made the argument that it did not qualify as the type of proceeding to which the courts should extend Younger abstention. The precise argument that it lacks a judicial character because of the lack of authority by the state agency to adjudicate these cases, that's a different argument perhaps. But the burden was really the job of the district court was to determine whether or not it was the type of judicial proceeding to which Younger applies. The job of the lawyers is to bring the issue to a head so that the district court knows that that's a contested issue. And we did. We argued that it didn't fit into any one of the three exceptional circumstances. It was not a state criminal proceeding. It was not a state proceeding akin to one involving criminal prosecution. And it did not interfere with a state court's unique functions to enforce its own orders. Those arguments were made to the district court. The district court simply assumed that it was the type of proceeding to which Younger abstention should be extended. I think that's contrary to the Supreme Court's decision in Sprint where it says, the court has said specifically both in Sprint and Nopsy that the Younger abstention doctrine should not be extended to administrative proceedings. Well, Mr. Moeller argues that Sprint's different because Sprint involved a situation where the state wasn't the actor. I don't think that that makes any difference whatsoever. In fact, in that case, what happened, Sprint commenced two lawsuits, one in state court, one in federal court, and then ultimately withdrew one of the lawsuits in state court and the state IUB became a party. I don't think that whether or not the state or a private party commenced this particular action makes any difference because it's still a state administrative agency proceeding. It did not come into the judicial forum until after the order was issued, and then it goes up to the court of appeals. Well, isn't the hallmark of a criminal proceeding, in fact, it's commenced by the state in its name, seeking some penalty, and isn't something that would be akin to a criminal proceeding, something that's commenced in the state's name, that seeks some remedy that is beyond merely, in this case, the award of back pay? And once they file the complaint, they conduct the investigation, and they seek a penalty, isn't it akin to a criminal case? And if not, why not? I would say it's not because the Supreme Court has said it's not in Sprint at page, if we look at page 592 to 593, the Supreme Court said specifically that the IUB proceeding was not the type of proceeding that is akin to a criminal proceeding or civil enforcement sanctions proceeding. What the Supreme Court has limited that to, the kind of sanctions proceeding or the attorney discipline cases, that type of thing. That's the only kind of case that they have limited that to. The only other one was the Ohio Civil Rights case, but in that case, Ohio Civil Rights Commission versus the Dayton Christian Schools. What's important is that at that time, the only remedy available, the only penalty available under the statute at that time was a criminal sanction. The one other point that I'd like to emphasize, as to this preemption argument, one of the judges, I believe Judge Erickson, you asked whether it makes a difference that the agency is seeking a cease and desist order, liquidated damages. I'd say no. It's still a state civil agency proceeding, and they did not gotten a cease and desist order. What they've gotten is an order directing Baywood to pay a certain amount of money, and that's on appeal on that issue to the state court of appeals. As far as criminal misdemeanor liability, while that theoretically exists under the Minnesota Fair Labor Standards Act, I think one has to look to the nature of the case at hand. There's been no allegation or prosecution under this case. Last but not least, I'd like to- You know what this is- Yes. You know what the statute of limitations on that criminal proceeding would be? I mean, this has obviously been kicking around for a while. I mean, it seems to me that under Minnesota General Statute of Limitations, it may have run, but- Most, my recollection is, and I'll go on memory, my recollection is a three year statute for most criminal cases. I don't think it falls under the six year statute, but I'm pretty sure that the statute passed for that, even by the time they brought that. And plus, the state agency isn't empowered to bring any criminal proceedings. They would have had to report that to a county attorney and go up the chain. The last point I would like to make, and I thank you for your patience, there was a statement made about the savings clause, section 218A of the Fair Labor Standards Act. And we addressed this point in our briefs, both the blue brief and the gray brief. It is not the case with respect to minimum wage and maximum hours that the statute says, the states can regulate as long as they're better than this entire chapter. That's absolutely not what it says. There are two, it's a very long sentence, there's two provisions. As to minimum wages and overtime, it has to be either a lower wage or a shorter work week. The reference the council made to better than this chapter refers to the second part of section 218A, which deals with child labor laws. That's not involved in this case. We submit to the court that the district court should be reversed, that the court committed an error of law which can be reviewed de novo. The decision was not in compliance with Sprint. And if the court wishes to take up the preemption argument, I think it is clear on the face of the two statutes, why the Minnesota statute is preempted in this particular case. Thank you for your time. Thank you, Mr. Douglas. Court appreciates the argument and briefing in the case. It's an interesting case and we will issue an opinion in due course. That complete our docket for the day? It does, your honor. Court will be in recess until